WILLIAM MOHAN, JUNIOR, & another *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY & another.   November 7, 1955.   Exceptions overruled. This is an action of tort brought by a minor, William Mohan, Junior (hereinafter called the plaintiff), by his next friend for personal injuries arising out of an accident involving a truck owned by the corporate defendant and operated by its employee who is also a defendant.   The plaintiff's father also seeks to recover consequential damages.   It could have been found that the accident occurred in these circumstances.   About 11:45 A.M. on March 23, 1948, the plaintiff along with other children had been dismissed from a school which was located at the corner of Main and Ripley streets, Worcester.   While crossing Main Street several blocks west of the school he was struck by the defendant's truck at or near the center of the street.   There were many children near by when the accident occurred.   The case was submitted to a jury who found for the defendants.   The sole question for decision arises from the plaintiff's exception to the judge's refusal to give the following instruction: "The operator of a motor vehicle shall exercise the highest degree of care when the presence of children in the highway has been observed, and shall presume that such children may suddenly and without warning run in any direction."   The judge did not err in refusing this request.   The plaintiff

argues that even if not entirely accurate the request, under the principle set forth in *Bergeron* v. *Forest*, 233 Mass. 392, 402, was sufficient to direct the attention of the judge to an important principle of law not adverted to in the charge. The short answer is that the judge charged the jury adequately and accurately on the question of the duty owed by the defendants to the plaintiff.

*Seymour Weinstein*, for the plaintiffs.

*Melville F. Weston*, for the defendants.